NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0393n.06

No. 10-4559

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 11, 2012*

LEONARD GREEN, Clerk

MARGARET GARCIA,                    )
                                    )
    Plaintiff-Appellant,            )
                                    )
v.                                  )    ON APPEAL FROM THE UNITED
                                    )    STATES DISTRICT COURT FOR THE
WHIRLPOOL CORPORATION,              )    NORTHERN DISTRICT OF OHIO
                                    )
    Defendant-Appellee.             )

Before:  MARTIN, COOK, and KETHLEDGE, Circuit Judges

PER CURIAM.  Plaintiff-Appellant Margaret Garcia appeals the district court's grant of summary judgment for her former employer, the Whirlpool Corporation, on her disability discrimination, retaliation, intentional infliction of emotional distress, and workplace negligence claims.  After carefully reviewing the record, the applicable law, and the parties' briefs, we agree that oral argument is not necessary.  Fed. R. App. P. 34(a).  We find that the district court's opinion diligently and correctly sets out the undisputed facts and the governing law.

On appeal, Garcia presents new evidence and argument to support her disability discrimination claim, asserting that she had the requisite qualifications for reassignment to another position at Whirlpool.  The argument does nothing to revive her disability discrimination claim because she forfeited it by failing to present it to the district court.  *See* Fed. R. Civ. P. 56(c)(1);

No. 10-4559
*Garcia v. Whirlpool Corp.*

*Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, 667 F.3d 669, 681 (6th Cir. 2011) (finding that a party forfeited a claim "by failing to raise it in any pleadings or at any stage of the proceedings below"); *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008) ("[T]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.") (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–1480 (6th Cir. 1989)). On her claims of retaliatory discharge, intentional infliction of emotional distress, and workplace negligence, Garcia presents the same arguments she presented before the district court. But she has failed to address the deficiencies identified by the district court with regard to each of these arguments.

Because this court's issuance of a full opinion would be duplicative and would serve no jurisprudential purpose, we AFFIRM on the basis of the district court's well-reasoned opinion and order of November 5, 2010, granting Whirlpool's motion for summary judgment.